Filed 1/30/26  P. v. Coleman CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B346814 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24CMCF01977) |
| v. | |
| KEVIN COLEMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Following a mistrial, Kevin Coleman pleaded no contest to one count of second degree robbery (Pen. Code, § 211, count 1),[1] and admitted the allegation that he personally used a firearm (§ 12022.5, subd. (a)). Pursuant to a plea agreement, the prosecution moved to dismiss three counts of robbery and associated personal firearm use allegations. The trial court granted the People's motion. Coleman was sentenced to the middle term of three years in count 1, plus four years for the firearm enhancement.

Coleman timely appealed, marking "other" as his basis for appeal, and stating "A mistrial was declared mid-trial in this case, which the defense believes should have been granted with prejudice." Coleman requested a certificate of probable cause, which the trial court denied. On July 9, 2025, this court issued an order limiting the issues in this case to those not requiring a certificate of probable cause.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On December 12, 2025, we advised Coleman that he had 30 days to submit any contentions or issues he wished us to consider.

Coleman filed a filed a supplemental letter brief on January 12, 2026, arguing (1) there were "identification issues" at trial; (2) the testimony of the victim, the victim's employer, and the deputy sheriff was mistranslated and

---

[1] All further statutory references are to the Penal Code.

translated by a non-deputy in error; (3) the court's denial of Coleman's vindictive prosecution motion was error; and (4) the court's dismissal of the case without prejudice was error. Coleman requests that this court appoint new counsel.

"In the case of a judgment of conviction following a plea of guilty or no contest, section 1237.5 authorizes an appeal only as to a particular category of issues and requires that additional procedural steps be taken.  That statute provides: 'No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.' " (*In re Chavez* (2003) 30 Cal.4th 643, 650–651.)  "[I]t is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate:  (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74; see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)  " '[S]ection 1237.5 does not allow the reviewing court to hear the merits of

issues going to the validity of the plea unless the defendant has obtained a certificate of probable cause, or has sought and obtained relief from default in the reviewing court.' [Citation.]" (*Panizzon*, *supra*, at p. 75.)

We have examined the entire record. We are satisfied no arguable issues exist and that Coleman's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende*, *supra*, 25 Cal.3d at p. 441.) We deny Coleman's request for appointment of new counsel.

## DISPOSITION

The trial court's judgment is affirmed.

MOOR, J.

WE CONCUR:

BAKER, Acting P. J.

KIM (D.), J.

4